UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT LENARD PERTEE, JR.,**

   **Petitioner,**

v.                                                                                  CASE NO. 8:15-CV-1779-T-27TGW
                                                                                    CRIM. CASE NO. 8:11-CR-168-T-27TGW

**UNITED STATES OF AMERICA,**

   **Respondent.**
_____/

## ORDER

This matter is before the Court for consideration of Petitioner's *pro se* motion to vacate, set aside, or correct an allegedly illegal sentence filed pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). A § 2255 must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly dismissed without a response from the United States. 28 U.S.C. § 2255(b). Upon consideration of the § 2255 motion and the record, the Court concludes that the § 2255 motion must be dismissed as an unauthorized successive § 2255 motion.

## BACKGROUND

On May 16, 2011, Petitioner pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count One), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Two) (CR Dkt. 26). On November 16, 2011, Petitioner was sentenced to 192 months' imprisonment on Count One to be followed by 60 months of supervised release, and 192 months' imprisonment on Count Two to be followed by 60 months of supervised release, concurrent with Count One (CR Dkt. 40).

Petitioner did not file a direct appeal. Petitioner's initial request for collateral relief pursuant to 28 U.S.C. § 2255 was dismissed as time-barred on December 8, 2014. *See Pertee v. USA*, Case No. 8:14-cv-1589-T-27TGW (M.D. Fla. 2014). The Eleventh Circuit Court of Appeals denied Petitioner's application for a certificate of appealability (see Case No. 8:14-cv-1589-T-27TGW at docket entry no. 17).

## DISCUSSION

Petitioner now returns to this Court seeking to vacate his sentence based upon *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Supreme Court held that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), violates due process because the clause is unconstitutionally vague. Since Petitioner has previously sought relief under § 2255 that was dismissed as time-barred, the instant motion to vacate is a second or successive § 2255 motion.[1] "[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. §2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has not demonstrated that he has obtained permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion, this Court is without jurisdiction to entertain the instant § 2255 motion. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005); *United States v. Harris*, 546 Fed. Appx. 898, 900 (11th Cir. 2013) (unpublished opinion) ("A district court lacks the jurisdiction to hear a second or successive

---

[1] The dismissal of Petitioner's first § 2255 motion as time-barred constitutes an adjudication on the merits for the purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (petitioner required to obtain approval from circuit court of appeal prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); *Villenueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003), *cert. denied*, 542 U.S. 928 (2004) (holding that "a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.").

§ 2255 motion absent authorization from a court of appeals.") (citations omitted). The § 2255 motion will therefore be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit to file a second or successive § 2255 motion.[2]

ACCORDINGLY, it is **ORDERED** that:

1. The motion to vacate, set aside, or correct an illegal sentence (CV Dkt. 1) is **DISMISSED**, without prejudice, for lack of jurisdiction.

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c) (2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to

---

[2]Petitioner appears to assert that this Court may, in the alternative, treat his § 2255 motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (see CV Dkt. 1 at p. 1). However, if the Court was to construe the § 2255 motion as a § 2241 petition, it would still lack jurisdiction. "Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir.1991). Petitioner is incarcerated at FCI Edgefield, which is located in the South Carolina District Court. Therefore, this Court would not have jurisdiction to consider a § 2241 petition.

deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant motion is clearly an unauthorized successive § 2255 motion, and because Petitioner has failed to show the denial of a constitutional right, Petitioner cannot make the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on AUGUST 12th, 2015.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
<u>Copy furnished to</u>:
Petitioner *pro se*
Counsel of Record